**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JANE DOE,

                              Plaintiff,

          - v -                                        Civ. No. 1:07-CV-228
                                                              (GLS/RFT)

VILLAGE OF SAUGERTIES, VILLAGE OF
SAUGERTIES POLICE DEPARTMENT, and
POLICE OFFICER TYRONE CHRISJOHN,
in his individual and official capacity,

                              Defendants.

JANE DOE, suing by and on behalf of her minor
daughter, T.C.,

                              Plaintiff,

          - v -                                        Civ. No. 1:07-CV-243
                                                              (GLS/RFT)

VILLAGE OF SAUGERTIES, VILLAGE OF
SAUGERTIES POLICE DEPARTMENT, and
POLICE OFFICER TYRONE CHRISJOHN,
in his individual and official capacity,

                              Defendants.

JANE DOE,

                              Plaintiff,

          - v -                                        Civ. No. 1:07-CV-245
                                                              (GLS/RFT)

VILLAGE OF SAUGERTIES, VILLAGE OF
SAUGERTIES POLICE DEPARTMENT, and
POLICE OFFICER TYRONE CHRISJOHN,
in his individual and official capacity,

                              Defendants.

JANE DOE,

                              Plaintiff,

          - v -                                        Civ. No. 1:07-CV-505
                                                              (GLS/RFT)

VILLAGE OF SAUGERTIES, VILLAGE OF
SAUGERTIES POLICE DEPARTMENT, and
POLICE OFFICER TYRONE CHRISJOHN
in his individual and official capacity,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

**MAINETTI, MAINETTI LAW FIRM**              JOSEPH E. O'CONNOR, ESQ.
Attorney for Jane Doe Plaintiffs
P.O. Box 3058
303 Clinton Avenue
Kingston, New York 12401

**PENNOCK, BREEDLOVE LAW FIRM**              BRIAN BREEDLOVE, ESQ.
Attorney for Saugerties Defendants           TRACY M. LAROCQUE, ESQ.
1407 Route 9, Nine North
Building 4, Second Floor
Clifton Park, New York 12065

**M. RANDOLPH BELKIN LAW FIRM**              M. RANDOLPH BELKIN, ESQ.
Attorney for Saugerties Defendants
26 Century Hill Drive, Suite 202
Latham, New York 12110

**E. STEWART JONES, JR.**                    E. STEWART JONES, JR.
Attorney for Tyrone Chrisjohn
28 Second Street
Jones Building
Troy, New York 12180


**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**MEMORANDUM-DECISION and ORDER**

The Jane Doe Plaintiffs in each of the above-captioned cases, which have been designated

as related cases by the Clerk of the Court, have filed their respective Complaint against each of the

Defendants as so noted in the caption with each Plaintiff alleging a violation of her constitutional

rights, pursuant to both 42 U.S.C. § 1983 and the New York State Constitution, and a slew of state

common law actions. *See* Dkt. No. 1, Compl. (for each case).[1]  In each one of these cases, the

---

[1]  The underlying allegations by each of these Plaintiffs are thematically identical.  In words and effect, each of these Plaintiffs alleges either untoward and unwarranted sexual advances, or sexual abuse or rape at the hands of Defendant Chrisjohn while employed in his official capacity as a police officer for the Village of Saugerties.  In this

Saugerties Defendants and Chrisjohn have interposed Answers.  It also appears that these co-Defendants have antagonistic defenses.[2]

Even though these cases are being treated as related, they have not been consolidated.  Now, pursuant to Federal Rule of Civil Procedure 42(a), Chrisjohn brings a Motion to Consolidate these related cases for all purposes.  Civ. Case No. 1:07-CV-505, Dkt. No. 8, Amended Not. of Mot. to Consolidate, dated May 31, 2007.[3]  The Jane Doe Plaintiffs have not opposed the Amended Motion to Consolidate, however, the Saugerties Defendants have.  Civ. Case No. 1:07-CV-505, Dkt. No. 10, Amended Opp. to Mot. to Consolidate.

Chrisjohn succinctly notes that each Complaint alleges the same causes of action, all of actions arise out of the same alleged occurrences are based upon similar facts or that the "factual distinction [among] these cases are very limited and in no way conflict[,]" the Defendants are the same, and all parties are represented by the same law firms.  *See generally* Dkt. No. 8, E. Stewart Jones' Affirm., dated May 31, 2007.  Because of all of these commonalities, Chrisjohn moves for consolidation of each and every phase of this litigation.

The Saugerties Defendants' Opposition to this Motion is not wholesale.  They agree that it

---

respect, in addition to the constitutional violations, each Plaintiff alleges a cause of action for assault, battery, unlawful detention, unlawful imprisonment, *prima facie* tort, malicious abuse of process, official misconduct, rape, sexual abuse, intentional infliction of emotional distress, and negligence.  *See generally* Dkt. No. 1, Compl. at ¶ 3.

[2] As their Seventh Affirmative Defense, the Saugerties Defendants allege "[t]hat upon information and belief[,] the misconduct of the co-defendant Chrisjohn, if any did not take place in the course and scope of his employment and therefore there is no liability therefore on these answering defendants."  *See e.g.*, civil case no. 1:07-CV-245, Dkt. No. 9, Answer at ¶ FORTY-FIRST.  Furthermore, the Saugerties Defendants plead a Cross Claim against Chrisjohn.  *Id.* at ¶ FORTY-SIXTH.

[3] Initially, Chrisjohn's Motion to Consolidate was filed in civil case no. 1:07-CV-228, as docket no. 12.  In response, the Saugerties Defendants filed their Opposition to the Motion, which was designated as docket no. 14.  However, Chrisjohn amended his Motion to Consolidate to state that issues have been joined in each case but the Amended Motion was filed in civil caseno. 1:07-CV-505, Dkt. No. 8.  Accordingly, this Amended Motion to Consolidate will be addressed by the Court.

is prudent to consolidate these cases for purposes of discovery and motion practice but argue that they would be unduly prejudiced if these matters were consolidated for trial. Dkt. No. 10, Tracey M. Larocque, Esq., Aff., dated June 4, 2007. Their primary impetus for opposing consolidation for trial purposes is that they believe consolidation would defeat their efforts to establish a lack of notice. The Saugerties Defendants note that in each of these four cases Plaintiffs allege that the actionable conduct occurred at "separate and distinct" times, and thus the facts regarding notice requirement would be different. Mem. of Law at pp. 3-4. The Saugerties Defendants' concerns are that

> [a] jury . . . would be more likely to find notice where no such notice really existed if the cases were consolidated for trial simply by virtue of the fact that four separate claims have been made. The existence of each claim, however, may be irrelevant if there are no facts upon which the Village could be charged with actual or constructive knowledge of the alleged wrongdoing.

*Id*. at p. 4.

Consolidation is a "valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc*., 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996). The authority to consolidate lawsuits is found in the Federal Rules of Civil Procedure:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

It is commonly understood that this Federal Rule gives broad discretion to the trial judge to consolidate legal actions, *sua sponte*. *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (noting that a court can ask *sua sponte*); *Johnson v. Celotex Corp*., 899 F.2d 1281, 1284 (2d Cir. 1990). In fact, courts generally default to consolidate actions where judicial economy

is concerned. *Johnson v. Celotex Corp.,* 899 F.2d at 1284 (finding that "courts have taken the view that considerations of judicial economy favor consolidation"); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("[C]onsiderations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.") (citations omitted). Rule 42 is essentially "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Delvin v. Transp. Commc'n Int'l Union*, 175 F.3d at 130 (citations omitted). Further, another primary and indisputable objective of consolidation is to prevent separate actions from producing conflicting results. *OHM Remediation Servs. Corp. v. Hughes Envt'l Sys., Inc.*, 952 F. Supp. 120, 121 (N.D.N.Y. 1997) (citing *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. at 533). And yet, this blanket discretion does require courts to consider

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. . . . When considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff.

*Johnson v. Celotex Corp.*, 899 F.2d at 1285 (citations omitted);

Consideration of convenience and economy sometimes has to yield to the paramount concern for a fair and impartial trial. *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. at 532 (noting that confusion and prejudice may be the results of an unwary consolidation). Moreover, "efficiency cannot be permitted to prevail at the expense of justice - consolidation should be considered when 'saving of expense and gains of efficiency can be accomplished *without sacrifice of justice*.'" *Devlin v. Transp.*, 175 F.3d at 130 (quoting *Consorti v. Armstrong World Indus. Inc.*, 72 F.3d at 1007) (quotation and emphasis in original). That

-5-

paramount concern proscribes courts not succumb to "[t]he systemic urge to aggregate [similar] litigation [which would] trump our dedication to individual justice, and we must take care that each individual plaintiff's - and defendant's - cause not be lost in the shadow[s] . . . [.]" *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) (cited in *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d at 350) (noting that courts should be "mindful of the dangers of a streamlined trial process in which testimony is curtailed and jurors assimilate vast amounts of information); *see also Kelly v. Kelly*, 911 F. Supp. 66, 69 (N.D.N.Y. 1996) (for the proposition that the court must balance the efficiency concerns against the potential for prejudice); *Solvent Chem. Co. ICC Indust., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 221 (W.D.N.Y. 2002); *Erwin-Smith v. K-mart Corp.*, 1999 WL 429505, at *1 (N.D.N.Y. June 22, 1999).  Hence, courts must examine the "specific underlying facts" with "close attention" before ordering consolidation.  *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993).  Furthermore, the burden rests with the party moving for consolidation to not only show the commonality of facts and law, *Sidari v. Oleans County*, 174 F.R.D. 275, 281 (W.D.N.Y. 1996), but to convince the court that there would not be any unnecessary delays or confusion, *Kelly v. Kelly*, 911 F. Supp. at 69 (finding that consolidation may burden the parties, the court, and the jury "with an over complication of issues and  necessary instructions").

Chrisjohn has persuaded this Court that there are many common factors that warrant a consolidation of this action.  Judicial economy and efficiency would surely be advanced.  The only factor that would thwart a consolidation for all purposes is the real probability that a party would be prejudiced, or a trial would not be fair and impartial. For purposes of this Motion, the Saugerties Defendants did not fully develop their concerns about raising the notice issue before the jury, though we do not find that their worry is not real.   Overall, these cases are not overly complex or

complicated requiring independent trials.  To hold four different trials on these same set of facts, risking inconsistent verdicts, confusion, unnecessary repetition, and excessive costs and delay, is inimical to the entire principle and purpose of consolidation.  We agree with the Second Circuit that a single jury can put the entire litigation into proper perspective and "scale the relative seriousness of the various plaintiffs' injuries . . . to see to it that their respective awards are consistent with that scaling."  *Consorti v. Transport*., 72 F.3d at 1007.  We also agree that a single jury will acquire a deeper understanding on all of the issues than multiple juries.

The efficacious aims of Rule 42 would be realized if all of these cases were consolidated for all purposes.  Yet, if granted, the Saugerties Defendant would not be without a remedy.  Proceeding with due caution and care, we are prepared to grant them permission to renew their opposition at time of the trial when the notice issue is more fully ripe.

Accordingly, it is hereby

**ORDERED**, that civil case numbers 07-CV-228, 07-CV-243, 07-CV-245, and 07-CV-505 shall be consolidated.  The lead case shall be 07-CV-228; and it is further

**ORDERED**, that the consolidation for trial purposes is reserved until the final pretrial conference is held before for the District Judge; and it is further

**ORDERED**, that all of the parties in all of cases shall confer and submit a joint civil case management plan by July 4, 2007, and participate in the Rule 16 Conference scheduled for July 11, 2007; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

**IT IS SO ORDERED**.

Date:   June 18, 2007
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge